Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00439-CR

Cheryl **STEVENSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR7803
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  September 26, 2012

DISMISSED FOR WANT OF JURISDICTION

Appellant Cheryl Stevenson waived a jury trial and pleaded guilty to harassment of a public servant. The trial court imposed sentence on November 15, 2011, but suspended confinement and placed appellant on community supervision. Thereafter, the State alleged that appellant violated the terms of her plea and moved to revoke appellant's community supervision. Just before the hearing on the motion to revoke, appellant's counsel filed a Motion Suggesting Incompetency and Request for Examination. The court granted the motion suggesting

incompetency; it did not consider the motion to revoke. Appellant filed a notice of appeal complaining of the order granting an examination.

An appellant may appeal "a pretrial hearing on competency when such matter is raised in an appeal from the trial on its merits," but not before. *See Jackson v. State*, 548 S.W.2d 685, 690 (Tex. Crim. App. 1977); *Petty v. State*, 05-04-00705-CR, 2004 WL 1302951, at *1 (Tex. App.—Dallas June 14, 2004, no pet.) (mem. op., not designated for publication).

On August 15, 2012, we ordered appellant to show cause in writing not later than August 30, 2012, why this appeal should not be dismissed for want of jurisdiction. On September 10, 2012, appellant's counsel filed a motion for extension of time to file a response to our August 15, 2012 order, and a response stating counsel's opinion that this court does not have jurisdiction to hear appellant's appeal. Appellant's motion for extension of time to file the response is granted.

We conclude that this court is without jurisdiction to consider appellant's complaint. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b); *Jackson*, 548 S.W.2d at 690. Therefore, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH